UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X   Civil Action No. _____
COMPRESS2IMPRESS, LLC,
                                                                      **COMPLAINT**
                      Plaintiff,

      -against-

THE AMERICAN NATIONAL RED CROSS,

                      Defendant.
-------------------------------------------------------X

      Plaintiff COMPRESS2IMPRESS, LLC by its attorneys, The Law Office of Kareem El Nemr, alleges for its complaint against Defendant THE AMERICAN NATIONAL RED CROSS as follows:

## PRELIMINARY STATEMENT

      1.    This is an action seeking damages for breach of contract, account stated and attorney's fees. As set forth below, COMPRESS2IMPRESS, LLC, entered into a "Licensed Training Provider Agreement", with THE AMERICAN NATIONAL RED CROSS, which provided for permission being granted to COMPRESS2IMPRESS, LLC to maintain associated Red Cross certified instructors in good standing to license Red Cross training materials for COMPRESS2IMPRESS, LLC's use in the instruction of Red Cross training courses.

## THE PARTIES

      2.    COMPRESS2IMPRESS, LLC is a Domestic Limited Liability Company, formed under the laws of the State of New York, with its principal place of business located at 89 Fairview Ave, Apt 61, New York, NY 10040.

3. THE AMERICAN NATIONAL RED CROSS is and instrumentality of the United States and a body corporate and politic 501(c)(3) organization, with headquarters located in Washington, D.C.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because it is between COMPRESS2IMPRESS, LLC a citizen of the State of New York, and THE AMERICAN NATIONAL RED CROSS a citizen of The District of Columbia and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(c)(2) because THE AMERICAN NATIONAL RED CROSS resides in this judicial district, with a principal place of business located at 89 Fairview Ave, Apt 61, New York, NY 10040.

6. The Court has personal jurisdiction over THE AMERICAN NATIONAL RED CROSS pursuant to CPLR § 301 because the Defendant regularly engages in a continuous and systematic course of doing business in New York, that a finding of its presence in this jurisdiction is warranted.

## RELEVANT FACTS

7. On or about July 18, 2018, COMPRESS2IMPRESS, LLC and THE AMERICAN NATIONAL RED CROSS entered into a "Licensed Training Provider Agreement". A copy of the "Licensed Training Provider Agreement" along with "Appendix "B" and Appendix "C" are annexed to this Complaint as Exhibit "A".

8. The July 18, 2018 "Licensed Training Provider Agreement" is a legally enforceable contract as between the Plaintiff and the Defendant.

9. The "Licensed Training Provider Agreement" was memorialized, "in order to permit the LTP's associated Red Cross certified instructors in good standing ("Instructors") to license Red Cross training materials for the LTP's use in the instruction of Red Cross training courses specified on Appendix B ("Courses") within the jurisdictions listed in Appendix C."

10. Pursuant to the "Licensed Training Provider Agreement" paragraph three (3) is entitled, "Term and Termination" and reads as follows:

- 3.1 This Agreement will be effective as of the Effective Date and ends on the day before the thirty-six (36) month anniversary thereof, unless earlier terminated as provided below.

- 3.2 Red Cross reserves the right to immediately terminate this Agreement if LTP does not abide by the terms of this Agreement or the Policies.

- 3.3 The provisions of this Agreement, which by their very nature are incapable of being fully performed or enforced prior to expiration or termination, shall survive any such expiration or termination of this Agreement.

11. The Plaintiff's obligations pursuant to the contract dated July 18, 2018 required the Plaintiff to perform the following:

- 1.1. Require its instructors to maintain Red Cross certifications appropriate for the Courses they will be teaching;

- 1.2. Notify Red Cross within ten (10) business days of any additions, deletions, or changes to Instructors permitted by LTP to teach on its behalf during the term of the Agreement;

- 1.3. Obtain Red Cross confirmation of the certification and authorization status of new LTP Instructors before permitting such Instructors to teach a Course;

- 1.4. Be responsible for the oversight of LTP's Instructors and require that they teach Courses using Red Cross course materials ("Course Materials"), and offer Courses in accordance with the current Red Cross Training Provider Resource Guide, policies and procedures (collectively, the "Policies");

- 1.5. Herein understand and acknowledge that the Red Cross is only permitted to solicit, deliver services and provide program support within the jurisdiction of the United States and its territories ("U.S."), and LTP agrees to only teach Courses and otherwise perform under this Agreement in the U.S.;

- 1.6. Permit Red Cross to perform random observations of LTP's Courses;

- 1.7. Permit Red Cross, in its sole discretion, to post LTP's contact and course information on its website to allow potential course participants to search and locate them regarding Course availability;

- 1.8. Enter training records ("Course Records") with payment (credit card or invoice, if approved) and other required information into the Learning Management System ("LMS") or any applicable successive Red Cross electronic records system within five (5) calendar days of Course completion, and comply with all terms and conditions of such system during such use;

- 1.9. Timely payment of the required fees in connection with the Agreement;

- 1.10. Recognize its responsibility for all liabilities arising out of LTP's performance under this Agreement. LTP understands and acknowledges it is the responsibility of the LTP to obtain adequate insurance to cover its performance, and the performance of its employees and contractors, under this Agreement, as Red Cross insurance does not extend to LTP or its Instructors or other subcontractors and

- 1.11. Maintain a relevant, valid business license for the term of this Agreement.

12. The Plaintiff complied with each and every obligation set forth in the July 18, 2018 contract.

13. On or about March 30, 2021, the Defendant THE AMERICAN NATIONAL RED CROSS unilaterally terminated the contract, without any notice to the Plaintiff COMPRESS2IMPRESS, LLC.

14. On or about March 30, 2021, the Defendant THE AMERICAN NATIONAL RED CROSS unilaterally terminated the contract and "banned" other companies from doing business with the Plaintiff COMPRESS2IMPRESS, LLC.

15. Plaintiff COMPRESS2IMPRESS, LLC did not violate or breach any of the terms of the "Licensed Training Provider Agreement", which would formulate a basis for the Defendant's alleged unilateral "termination" of the "Licensed Training Provider Agreement".

16. Plaintiff COMPRESS2IMPRESS, LLC did not violate or breach any of the terms of the "Licensed Training Provider Agreement", which would formulate a basis for the Defendant's alleged unilateral "banning" of other entities from doing business with the Plaintiff COMPRESS2IMPRESS, LLC.

**FIRST CAUSE OF ACTION (BREACH OF CONTRACT)**

17. COMPRESS2IMPRESS, LLC repeats and realleges the allegations contained in paragraphs 1 through 16.

18. The July 18, 2018 "Licensed Training Provider Agreement" and all Appendices, taken together as a whole, are valid and legally binding agreements.

19. THE AMERICAN NATIONAL RED CROSS breached the July 18, 2018 "Licensed Training Provider Agreement" by unilaterally terminating the agreement, without any basis, pursuant to the terms of that agreement.

20. THE AMERICAN NATIONAL RED CROSS breached the July 18, 2018 "Licensed Training Provider Agreement" by prohibiting other entities from doing business with the Plaintiff COMPRESS2IMPRESS, LLC.

21. COMPRESS2IMPRESS, LLC has been damaged by THE AMERICAN NATIONAL RED CROSS' breaches of the July 18, 2018 "Licensed Training Provider Agreement".

22. COMPRESS2IMPRESS, LLC is entitled to recover from THE AMERICAN NATIONAL RED CROSS the damages it has sustained as a result of THE AMERICAN NATIONAL RED CROSS' breaches of the July 18, 2018 "Licensed Training Provider Agreement".

## SECOND CAUSE OF ACTION (ACCOUNT STATED)

23. COMPRESS2IMPRESS, LLC repeats and realleges the allegations contained in paragraphs 1 through 22.

24. COMPRESS2IMPRESS, LLC complied with each and every outlined "responsibilities" outlined in the July 18, 2018 "Licensed Training Provider Agreement"., under Paragraph One (1) as well as all subsections outlined therein.

25. THE AMERICAN NATIONAL RED CROSS accepted the performance of COMPRESS2IMPRESS, LLC from July 18, 2018 through March 30 ,2021 , the date which the Defendant THE AMERICAN NATIONAL RED CROSS unilaterally and without any basis whatsoever "terminated" the July 18, 2018 "Licensed Training Provider Agreement".

26. COMPRESS2IMPRESS, LLC is entitled to recover from THE AMERICAN NATIONAL RED CROSS an amount not less than $500,000.00, representing the value of the terms of the agreement outlined in Appendix "B" of the July 18, 2018 "Licensed Training Provider Agreement".

## THIRD CAUSE OF ACTION (ATTORNEY'S FEES)

27. COMPRESS2IMPRESS, LLC repeats and realleges the allegations contained in paragraphs 1 through 26.

28. COMPRESS2IMPRESS, LLC is entitled to all costs arising from a dispute over the July 18, 2018 "Licensed Training Provider Agreement", including legal fees.

29. COMPRESS2IMPRESS, LLC is entitled to recover from THE AMERICAN NATIONAL RED CROSS the attorney's fees and costs it has incurred.

**JURY TRIAL DEMAND**

30. COMPRESS2IMPRESS, LLC demands a trial by jury on all issues in this action.

31. WHEREFORE, COMPRESS2IMPRESS, LLC respectfully requests judgment in its favor and against THE AMERICAN NATIONAL RED CROSS as follows:

- On the First, Cause of Action, awarding compensatory damages in an amount to be determined at trial, but in no event less than $500,000.00, plus $interest;

- On the Second Cause of Action, to be determined in the amount to be determined after a full account stated, but in no event less than $500,000.00, plus interest;

- On the Third Cause of Action, awarding Attorney's Fees and Costs in an amount to be determined at trial,

- Granting such other and further relief as the Court deems just and proper.

Dated:
Astoria, New York
June 4, 2022

Yours, Etc.,

The Law Office of Kareem El Nemr
28-30 Steinway Street
Astoria, NY 11103
Tel: (917)-860-2164
Fax:(347)-507-5528
Kelnemr@elnemrlaw.com